UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────────── X
In re:

    Edward Gonzales,

                Debtor.
───────────────────────────────────────────── X

Chapter 11

Case No.: 8-22-71280-ast

## ORDER SCHEDULING INITIAL CASE MANAGEMENT CONFERENCE

Edward Gonzales (the "Debtor") having filed a petition under Chapter 11 of the Bankruptcy Code on June 1, 2022, and the Court having determined that a Case Management Conference will aid in the efficient conduct and proper administration of this case, it is hereby

**ORDERED**, pursuant to 11 U.S.C. § 105(d), that a Case Management Conference will be held by the undersigned Bankruptcy Judge in Courtroom 960, U.S. Bankruptcy Court, 290 Federal Plaza, Central Islip, New York 11722 on **July 13, 2022, at 10:30 a.m.**; and it is further

**ORDERED** that the Case Management Conference will be held remotely, utilizing the eCourt Appearances platform, instructions for which are available on the Court's website at https://www.nyeb.uscourts.gov/node/2126; and it is further

**ORDERED**, that the Debtor and any counsel for the Debtor shall be present at the Conference and be prepared to address the following matters:

1. the nature of the Debtor's business and the reason for the Chapter 11 filing;
2. the Debtor's financial condition, including post-petition operations and revenue;
3. debtor-in-possession financing;
4. the use of cash collateral;
5. any significant motions which the Debtor anticipates bringing before the Court including, but not limited to, sale motions;
6. matters relating to the retention of professionals (including any brokers or appraisers);
7. the status of any litigation involving the Debtor;
8. deadlines for the filing of claims and a plan and disclosure statement;
9. the use of alternative dispute resolution, if appropriate;
10. if this is a single asset real estate case, whether the Debtor intends to file a plan within the time allotted pursuant to 11 U.S.C. § 362(d)(3) and whether the Debtor intends to commence adequate protection payments;

11. if this is a small business case, whether the Debtor anticipates being able to satisfy the deadlines provided by 11 U.S.C. § 1121(e);
12. if this is an individual Chapter 11 case, whether the Debtor anticipates satisfying the Bankruptcy Code requirements that apply to such cases;
13. the scheduling of additional Case Management Conferences; and
14. any other case administrative matters; and it is further

**ORDERED**, that the Debtor shall file with the Court, and serve upon the Office of the United States Trustee, monthly operating reports during the pendency of this case; that the operating reports shall be in the form prescribed by the Office of the United States Trustee's Operating Guidelines and Reporting Requirements for Debtors-in-Possession and Trustees for cases pending in this District; and that the operating reports shall be served and filed on or before the 20th day of the month following the reporting period; and it is further

**ORDERED**, that unexcused failure to attend any Case Management Conference or to file timely monthly operating reports in compliance with this Order may constitute cause for conversion of this case to Chapter 7 or dismissal of this case pursuant to 11 U.S.C. § 1112; and it is further

**ORDERED**, that the Clerk of Court give notice of this Order to the Debtor, its counsel, the United States Trustee and all creditors and parties in interest.



_____

**Dated: June 6, 2022**  
**Central Islip, New York**

**Alan S. Trust**  
**Chief United States Bankruptcy Judge**