**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

_____ §

**In re:**                                                                              Case No. 22-71280-AST

    **Edward Gonzales,**                                                       Chapter 11

                  **Debtor.**
_____ §

## ORDER APPROVING (FORMER) COUNSEL'S FEE APPLICATION

On June 1, 2022, Debtor, Edward Gonzales ("Debtor") filed an individual petition for relief under chapter 11 of title 11 of the Bankruptcy Code. [dkt item 1]  Norman Ortiz signed the petition as counsel ("Counsel"). Despite apparent progress being made in the case, the relationship between Debtor and Counsel deteriorated.

On January 18, 2023, Counsel filed a Motion to Withdraw, seeking leave to withdraw under Local Bankruptcy Rule 2090-1(d) and New York Rules of Professional Conduct 1.16(c). [dkt item 47]

On January 25, 2023, the Motion to Withdraw came for hearing, upon due and proper notice. Debtor, Counsel, the Office of the United States Trustee and certain parties-in-interest appeared. Debtor did not object to Counsel's request to withdraw. The next day, the Court entered an Order Granting the Motion to Withdraw. [dkt item 54]

On February 2, 2023, (now former) Counsel filed an Application for Compensation seeking approval of her fees and expenses for the period from the Petition Date through the date of the application (the "Application"). Counsel requested $25,707.50 in fees and $2,023.12. in expenses, with $10,000.00 of that total to be drawn against her retainer.  [dkt item 55] Over the

next three months, Debtor filed various letters in objection to the Application [dkt items 62, 63, 66, 67 & 72], and Counsel filed two responses in support of the Application. [dkt item 64 & 71]

This Court has closely reviewed the Application, the objections, and the responses. These pleadings reiterate and emphasize the serious breakdown in the relationship between Debtor and Counsel which lead to Counsel's withdrawal. However, Debtor's accusations and complaints reflect a dispute with Counsel about the facts that Counsel was supplied during her representation and legal strategies Counsel deployed; they do not support a finding that Counsel failed to represent Debtor in a competent, professional and appropriate manner. The Court itself observed during several hearings held in this case that Counsel conducted herself in a competent, professional and appropriate manner. Counsel provided competent representation to Debtor, exercising the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation, even as the relationship between Counsel and Debtor deteriorated. *See* New York Rules of Professional Conduct 1.1(a).

A review of the highly detailed billing records submitted by Counsel in support of the Application also shows that Counsel provided services that were beneficial to and necessary for the administration of this estate, at rates consistent with those generally charged in this District. *See* Bankruptcy Code § 330; *Hensley v. Eckerhart*, 461 U.S. 424, 429-30 (1983) ("The amount of the fee, of course, must be determined by the facts of each case." (citing *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1984) and the twelve factors recognized therein)). Counsel's out of pocket expenses also were reasonably incurred and appropriate for reimbursement. Finally, at no time did Counsel act in a way that requires reduction or denial of her fees.

As such, the Court finds and determines that the fees and expenses requested constitute reasonable compensation for actual, necessary services rendered and expenses incurred. The Court observes that none of the fees requested include compensation for defending against Debtor's objections, and, thus, t *Baker Botts LLP v. ASARCO LLC,* 135 S.Ct. 2158, 2167 (2015), is not implicated.

Accordingly, it is hereby

**ORDERED**, that the Application is **APPROVED**; and

**ORDERED**, that Counsel is allowed fees in the amount of $25,707.50 and expenses in the amount of $2,023.12, and may draw her pre-petition retainer of $10,000.



Dated: June 9, 2023
Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge